IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH        *

        Plaintiff *pro se*        *

        v.        *  CIVIL ACTION NO.  GLR-14-2713

STATE OF MARYLAND        *

        Defendant        *

        ***

## **MEMORANDUM**

On August 25, 2014, Plaintiff, a resident of Baltimore, Maryland, filed this self-represented

action against the State of Maryland.  In her statement of facts, she raises the following claims:

> I am an innocent victim of civil invasion of my privacy rights laws without my consent
> (public disclosure illegal advertising) by my neighbors at 4234 Shamrock Avenue,
> Baltimore, Maryland.  Government devices prohibited for advertising - violates Federal
> Rules 18 U.S.C. § 2512 and 18 U.S.C. § 2513.  Please consider to disconnect illegal devices
> [at] 4235 Shamrock Ave. and recall all files misused for advertising (radio, websites, and
> etc.)[.] I need my name, dignity and respect restored since I am a victim of identity theft –
> federal jurisdiction.  Who is held accountable to stop illegal wire fraud –cyber attack (cyber
> crime) without my consent and without the government approval of wire fraud devices?
> View jobs → FBI Director, U.S. Attorney General, U.S. Secret Service Headquarters.
> Electronic crime task force  job description to stop cyber (computer intrusion) crime by my
> neighbors. *Please consolidate and expunge criminal case #506069025 and #506069026 to
> protect my privacy rights - Circuit Court for Baltimore City.

(Compl. at 2, ECF No. 1).   Plaintiff seeks $3,000,000,000.00 in damages.  (Id. at 3).  Also, on

September 3, 2014, the Court received Plaintiff's Motion to Expedite.  (ECF No. 4).  She asks the

Court to expedite her request for compensatory damages because she is a victim of illegal home

invasion (with her permission).

Plaintiff has moved to proceed in forma pauperis.  (ECF No. 2).   Because she appears indigent, the Court will grant her leave to proceed without prepaying the $400.00 civil filing fee. Her Complaint shall, however, be summarily dismissed.

"Pursuant to 28 U.S.C. § 1915 (2012),[1] the courts are required to screen the plaintiff's complaint when in forma pauperis status has been granted."  Evans v. Albaugh, No. 3:13-CV-11, 2013 WL 5375781, at *1 n.1 (N.D.W.Va. Sept. 25, 2013).   Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints.  See id.; Fogle v. Blake, 227 Fed. Appx. 542 (8th Cir. 2007) (per curiam) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminarily screen a non-prisoner Complaint).

Under 28 U.S.C. § 1915(e)(2)(B)(i), a court, however, may dismiss a claim as frivolous if "the facts alleged are 'clearly baseless.'"  Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A complaint is frivolous if it is without "an arguable basis either in law or in fact."  Neitzke, 490 U.S. at 325.  Also, § 1915(e)(2)(B)(ii) requires a court to dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted.

In this case, Plaintiff is proceeding pro se.  When reviewing a pro se complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers . . . ."  Haines v. Kerner, 404

---

[1] The statute provides in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

U.S. 519, 520 (1972).  Although a pro se plaintiff's pleadings are liberally construed, the complaint

must contain factual allegations sufficient "to raise a right to relief above the speculative level" and

"state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555,

570 (2007).  This "plausibility standard requires a plaintiff to demonstrate more than a 'sheer

possibility that a defendant has acted unlawfully.'"  Francis v. Giacomelli, 588 F.3d 186, 193 (4th

Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Indeed, Plaintiff must articulate

facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief.  Id.

Upon generous construction of the Complaint, the Court finds that Plaintiff has failed to state

a claim entitling her to relief.  The factual assertions and legal conclusions raised in the document

regarding Plaintiff's next door neighbors amount to nonsensical gibberish.  The document contains

no allegations of legal significance, fails to state a claim upon which relief may be granted, and must

be dismissed.

For the aforementioned reasons, the Court hereby dismisses the case for failure to state a

claim against the Defendant.[2]

/s/

September 9, 2014

_____
George L. Russell, III
United States District Judge

---

28 U.S.C. § 1915(e)(2) (2012).
[2] In light of this decision, Plaintiff's Motion to Expedite (ECF No. 4) shall be denied as moot.